Derek A. Jordan
BARNES LAW, LLP
700 S. Flower St., Suite 100
Los Angeles, California 90017
Telephone: (310) 510-6211
Facsimile: (310) 510-6225
Email: derek@barneslawllp.com
ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AT SAN ANTONIO

| | |
|---|---|
| THOMAS H.B. STEWART,<br><br>        Plaintiff,<br><br>vs.<br><br>BEXAR COUNTY, BEXAR COUNTY SHERIFF JAVIER SALAZAR; SHERIFF'S DEPUTY VILLA, JOHN DOES (1-10),<br><br>        Defendants. | CASE NO. 5:22-CV-00664 |

**FEDERAL COMPLAINT WITH JURY DEMAND**

COMES NOW, the above-named Plaintiff by his attorney of record, Derek A. Jordan, and as for his claims of action against the above-named Defendants, the Plaintiff alleges and shows claims for relief as follows:

## INTRODUCTION

This is a federal civil rights action under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and Title 42 of the United States Code, Section 1983. Plaintiff Thomas H.B. Stewart brings this action to obtain compensatory damages, punitive damages, attorneys' fees, costs, and other equitable relief for the serious personal injuries he was subjected to because of significant and life-threatening trauma while in custody of, and due to the deliberate indifference of, sheriff's deputies of the Bexar County Sheriff's Office. (hereafter "BCSO.")

## JURISDICTION AND VENUE

1. This action arises under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Title 42 of the United States Code, §1983. Jurisdiction exists pursuant to 28 U.S.C. §1331 and §1343 based on 42 U.S.C. §1983 and questions of federal constitutional law.

2. Venue is proper in the Western District of Texas pursuant to Title 28 of the United States Code, §1391(b) as all the events and conduct complained herein all occurred in the Western District of Texas.

# PARTIES

**PLAINTIFF**

3. Plaintiff THOMAS H.B. STEWART is an individual over the age of majority who was a resident of Bexar County, Texas, at the time of the incident.

**DEFENDANTS**

4. Defendant BEXAR COUNTY ("Defendant County") is a political subdivision of the State of Texas, acting under color of state law, and is a person for the purposes of a 42 U.S.C. 1983 action. Defendant is responsible for the policies, practices, and procedures of its Sheriff's Office and individual deputies. It can be served with summons upon Bexar County Judge Nelson Wolff, 101 W. Nueva, 10'" Floor, San Antonio, Texas 78204.

5. Defendant Sheriff JAVIER SALAZAR ("Defendant Sheriff") is the head law enforcement officer and policy-maker for the Bexar County Sheriff's Office. Defendant is responsible for the policies, practices, and procedures of its Sheriff's Office and individual deputies. Defendant Sheriff can be served with summons at:
Bexar County Sheriff Javier Salazar, 200 N. Comal Street, San Antonio, Texas 78207.

6. Defendant DEPUTY VILLA, and his successors in interest, was a sheriff's deputy for the Bexar County Sheriff's Office during all times material.

7. Defendants JOHN DOES were acting under color of state law and in the course and scope of their employment as law enforcement officers with Bexar County Sheriff's Office at all times material.

## FACTUAL BACKGROUND

8. Plaintiff was rudely awakened in the early morning hours of June 25, 2021, because his then-girlfriend of two months was punching and slapping him as hard as she could in the bed they shared in a second-floor apartment at 14006 Potranco Road in Bexar County.

9. The girlfriend was enraged because she had found text messages on Plaintiff's phone sent by another woman.

10. The Plaintiff's female cousin had sent the text messages, which were innocent in nature.

11. Plaintiff left the apartment because of the assault so he could take a walk and calm down. At no point did he retaliate against the girlfriend.

12. Plaintiff then called 911 and deputies arrived and told the girlfriend to let Plaintiff in and then leave for a while so Plaintiff could get his dog and pack up personal items.

13. Plaintiff was waiting for his father to come pick him up when the girlfriend returned a couple of hours later and began pounding on the locked door and threatened to kick it down to get in.

14. The girlfriend called 911.

15. Bexar County Sheriff's Deputy Villa, badge number 1057, arrived around 10 a.m.

16. Villa said Plaintiff had to let the girlfriend in.

17. Plaintiff told Deputy Villa that if the girlfriend had a key, she was more than welcome to come in, but Plaintiff told the deputy he couldn't force Plaintiff to unlock the door.

18. Deputy Villa returned 10 minutes later and told Plaintiff that there was a warrant for his arrest.

19. Plaintiff denied that the arrest warrant existed.

20. Plaintiff asked to see the warrant, and Deputy Villa would not show it to him.

21. Plaintiff told Deputy Villa that he suffers from Post-Traumatic Stress Disorder.

22. Then, Plaintiff – who, due to the anxiety he suffers, was scared – stepped out of the apartment and ran towards the steps.

23. As Plaintiff began to head down the stairs outside the apartment door, Deputy Villa discharged his Taser and hit Plaintiff in the back.

24. Deputy Villa did not warn Plaintiff that he was going to fire his Taser.

25. Plaintiff fell down the concrete stairs and landed on his head.

26. Plaintiff heard his back crack during the fall.

27. Plaintiff cracked his fifth lumbar vertebra, or L5 vertebrae, in the fall, and is still receiving medical attention for his injuries, including rhizotomies to burn nerve endings to reduce pain.

28. The fall also left Plaintiff with a hugely swollen forehead, two black eyes and numerous scrapes and bruises.

29. Immediately after Plaintiff fell, he told Deputy Villa that he had broken his back in the fall.

30. Regardless, Deputy Villa kneeled on Plaintiff's already-injured back to put handcuffs on Plaintiff.

31. An ambulance arrived and the paramedics advised deputies that Plaintiff needed to go to the hospital.

32. Against the advice of the medics, Defendants Deputy Villa and Does took Plaintiff to jail in a patrol car.

33. At the time of the incident, Plaintiff worked as the lead diesel technician at Montgomery Iron and Metal Works in San Antonio where he earned roughly $25 an hour repairing diesel engines.

34. Plaintiff has worked as a mechanic since he was 15.

35. Because of his injuries received during the incident, Plaintiff no longer can work as a mechanic.

36. Plaintiff's back pain is constant, and he cannot walk more than one mile per day due to the pain.

37. Plaintiff has seen doctors, physical therapists, pain management specialists and massage therapists who've given Plaintiff numerous injections, MRIs, massages and other treatments in a yet-unsuccessful effort to end his back pain.

38. A spinal surgeon has advised Plaintiff he will need spinal fusion surgery.

39. Plaintiff needs physical therapy two to three times a week.

## FIRST CAUSE OF ACTION

Title 42, United States Code, Section 1983

Excessive Force & Unlawful Detention against all Defendants

40. Plaintiff re-alleges, and incorporate by reference, the allegations of the preceding paragraphs.

41. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

42. Plaintiff sues Deputy Villa under 42 U.S.C. § 1983 for violations of Plaintiff's Fourth Amendment rights in that a) Villa employed unnecessary, unjustified and excessive force and restrained Plaintiff's liberty; and b) he unlawfully arrested Plaintiff.

43. Any reasonable sheriff's deputy knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

44. Defendant unlawfully detained Plaintiff by objectively unreasonable means thereby unreasonably restraining Plaintiff of his freedom.

45. That Defendant acted under color of law in his capacity as sheriff's deputy and his acts or omissions were conducted within the scope of his official duties or employment.

46. As a proximate result of Defendant's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

47. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CAUSE OF ACTION:**

Municipal Liability

48. Sheriff Javier Salazar has been the Sheriff of Bexar County since he took office in January 2017.

49. As the Sheriff of Bexar County, Sheriff Salazar is the policymaker for Bexar County in the area of law enforcement.

50. Bexar County – through its policymaker, Sheriff Salazar – is aware that its use-of-force policy was deficient.

51. The ambiguities and deficiencies in BCSO's use-of-force policy include, but are not limited, to:

52. Permitting an individual deputy to use a subjective standard to determine the use of force that the deputy believes is reasonable, instead of utilizing an objective-reasonableness standard;

53. Failing to clearly and unambiguously require officers to use only measured, ascending, and proportional force;

54. Failing to adequately inform officers when force can be used to seize persons who have not committed and are not suspected of committing crimes; and

55. Failing to direct deputies to avoid putting themselves in a position where force or deadly force becomes necessary.

56. Sheriff Salazar and Bexar County failed to adequately discipline Sheriff's Deputies following the use of force and lethal force against unarmed citizens, thus perpetuating the belief amongst sheriff's deputies that their misconduct will not adversely affect their employment.

## THIRD CAUSE OF ACTION

Title 42, United States Code, Section 1983

Unreasonable Search

57. Plaintiff re-alleges, and incorporate by reference, the allegations of the preceding paragraphs.

58. That Thomas H.B. Stewart had a constitutionally protected right to be free from unreasonable searches.

59.     Any reasonable sheriff's deputy knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

60.  That, as set forth in the preceding paragraphs, DOE deprived Thomas H.B. Stewart of his constitutionally protected right to be free from unreasonable searches.

61. That Defendant intentionally caused the deprivation of Thomas H.B. Stewart's right to free from unreasonable searches.

62.     That Defendant acted under color of law in their capacity as sheriff's deputies and their acts or omissions were conducted within the scope of their official duties or employment.

63.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special

damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

64. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## FOURTH CAUSE OF ACTION

<u>Title 42, United States Code, Section 1983</u>
<u>Deficient Hiring and Continued Employment Policy</u>

65. Plaintiff re-alleges and incorporate by reference, the allegations of the preceding paragraphs.

66. That, at all material times hereto, Bexar County was a "person" for purposes of Title 42, of the United States Code, Section 1983.

67. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

68. Defendants are not entitled to qualified immunity for the complained of conduct.

69. That Bexar County's deficient policy with respect to hiring and continued employment of Deputy Villa caused the violation of Thomas H.B. Stewart's constitutional rights and the injuries and damages to Plaintiff.

70. In light of the duties and responsibilities of those sheriff's deputies that participate in arrests and preparation of deputies reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

71. The deliberately indifferent training and supervision provided by Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

72. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

## FIFTH CAUSE OF ACTION

<u>Title 42, United States Code, Section 1983</u>
<u>Failure to Train Policy</u>

73. Plaintiff re-alleges and incorporate by reference, the allegations of the preceding paragraphs.

74. That, at all material times hereto, Bexar County was a "person" for purposes of Title 42, of the United States Code, Section 1983.

75.  Bexar County's official policies with respect to training of its sheriff's deputies were/are inadequate. Plaintiff suffered injury due to this inadequate training.

76.  The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

77. Defendants are not entitled to qualified immunity for the complained of conduct.

78.  That Bexar County's deficient policy with respect to failure to train deputies caused the violation of Thomas H.B. Stewart's constitutional rights and the injuries and damages to Plaintiff.

79.  In light of the duties and responsibilities of those sheriff's deputies that participate in arrests and preparation of deputies reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

80.  The deliberately indifferent training and supervision provided by Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

81. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

## SIXTH CAUSE OF ACTION

Title 42, United States Code, Section 1983

Failure to Discipline Policy

82. Plaintiff re-alleges and incorporate by reference, the allegations of the preceding paragraphs.

83. That, at all material times hereto, Bexar County was a "person" for purposes of Title 42, of the United States Code, Section 1983.

84. Bexar County's official policies with respect to the discipline of its sheriff's deputies were/are inadequate with respect to unlawful detentions and unreasonable searches.

85. That Bexar County's deficient policy with respect to failure to discipline deputies caused the violation of Thomas H.B. Stewart's constitutional rights and the injuries and damages to Plaintiff

86. That Bexar County's official policies with respect to its sheriff's deputies are currently inadequate with respect to unlawful detentions, unreasonable searches and uses of excessive force.

### SEVENTH CAUSE OF ACTION
<u>Fourteenth Amendments and 42 U.S.C. § 1983</u>
<u>Violation of Fourteenth Amendment Right to Receive Medical Care</u>

Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above and incorporates them as if fully set forth herein.

At all times relevant herein, Defendants were acting under the color of State law.

The Fourteenth Amendment to the United States Constitution requires state officials to provide medical care to individuals injured in their custody.

The Fourteenth Amendment also requires Defendant Sheriff and Defendant County to provide for basic human needs.

Plaintiff, while a pretrial detainee in the custody of Defendant Sheriff and Defendant County, and was injured by Defendant Villa.

Defendants knew that Plaintiff sustained back, head, and other injuries that required medical attention.

Plaintiff requested medical treatment for his injuries, but Defendants refused or ignored his requests.

Defendants knowingly failed to provide or get necessary medical care for Plaintiff's serious medical need in deliberate indifference to the risk of serious harm.

Plaintiff suffered injuries as a result of ,excessive and brutal use of force. Following Defendant's assault, Plaintiff requested medical treatment. Defendants refused to provide Plaintiff with medical care the entire time Plaintiff was in the care, custody, and control of Defendants.

Defendant Sheriff and Defendant County failed to provide basic human needs to Plaintiff by subjecting him to intentional assault by sheriff deputies and then by declining to provide any medical treatment.

Plaintiff's resulting harm was a direct consequence of Defendants' failure to provide necessary and immediate medical care to Plaintiff.

## EIGHTH CAUSE OF ACTION

<u>Assault and Battery</u>

Deputy Villa attempted and did cause harmful, offensive, and violent physical contact with Mr. Sample. As a direct result of Mr. Villa's assault as alleged in this complaint, Defendant experienced injuries and harm, all of which were reasonably foreseeable, and some of which may be permanent:

    a. A broken L5 vertebrae

    b. Pain, discomfort, suffering, and emotional harm

    c. Inconvenience and interference with usual and everyday activities

Defendant requests fair compensation for his harm in an amount to be determined by the jury to be reasonable.

Defendant reserves his right to amend this complaint to adjust his request for compensation based on the known extent of his current and future injuries and harm caused by Deputy Villa's behavior, as well as to add additional defendants and new claims as new information is learned in discovery.

### NINTH CAUSE OF ACTION

<u>Negligence</u>

As alleged in this complaint, Deputy Villa was negligent in failing to exercise reasonable care during his interaction with Defendant. Defendant was harmed and injured when he was assaulted by Deputy Villa during their interaction. Defendant's injuries, the full extent of which are still not known, were due in whole or in part to the acts and omissions of Deputy Villa, who was negligent in one or more

respects:

a. In failing to act as a reasonably prudent person

b. In failing to seek help or assistance from another deputy

c. In failing to refrain from assaulting Defendant.

### **DEMAND FOR JUDGMENT**

87.     **WHEREFORE**, the Plaintiff demands judgment against the Defendants as follows:

a. In favor of the Plaintiff and against and Bexar County and Deputy Villa as set forth in the preceding paragraphs, jointly and severally, for compensatory and special damages;

b. In favor of the Plaintiff and against Bexar County as set forth in the preceding paragraphs, for punitive damages;

c. For all costs, disbursements, interest and reasonable attorneys' fees pursuant to Title 42 of the United States Code, Section 1988, and for such other relief as the Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF THIS ACTION ON ALL ISSUES SO TRIABLE.**

Dated this 24TH day of June 2022

*s/Derek Alan Jordan*
Derek A. Jordan
BARNES LAW, LLP
700 S. Flower St., Suite 100
Los Angeles, California 90017
Telephone: (310) 510-6211
Facsimile: (310) 510-6225
Email: derek@barneslawllp.com